## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AUTO-OWNERS INSURANCE
COMPANY,

      Plaintiff,

      vs.

KRAMER CORPORATION OF GA;
BAY VALLEY FOODS, LLC; AND FFI
GROUP, LLC

      Defendants.

Case No. 1:24-cv-00683-TRJ

## NOTICE OF DISCOVERY DISPUTE

Pursuant to the Court's Guidelines to Parties and Counsel, Defendant Bay

Valley Foods, LLC ("Bay Valley") and Plaintiff Auto-Owners Insurance Company

("Auto-Owners") provide this notice of an unresolved Discovery Dispute. On

February 6, 2025, the Court entered its Guidelines, and thereafter the parties

promptly conferred in person on February 11, 2025. On March 3, 2025 Auto-Owners

provided revised responses. Bay Valley contends the following disputes persist.

> **I.    Compliance with Fed. R. Civ. P. 34(b)(2)(C) and Part I.ii of the Guidelines (Requests Nos. 1–7, 9–12, 14, 17, 20–37).**

A. Bay Valley's Position.

The Court should order Auto-Owners to clarify whether discovery is being

withheld based on its objections. Auto-Owners responded with boilerplate

objections and the qualification that it is responding "[s]ubject to said objections and

*without waiving them*" and will only produce "responsive, *non-objectionable* documents." (emphasis added). Bay Valley cannot determine whether Auto-Owners is withholding responsive documents. These responses violate Rule 34(b)(2)(C)'s mandate that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection" as well as Part I.ii of the Court's Guidelines.

### B. Auto-Owners' Position

Bay Valley's claim is disingenuous. At the February 11th conference, Bay Valley's counsel stated that formal supplementation of Plaintiff's responses would not be required if Plaintiff provided a written response identifying all documents withheld on an Amended Privilege Log, which it did on March 3, 2025. Bay Valley identifies no deficiencies in the privilege log and no document it seeks to compel.

## II. Production of Underwriting File (Request No. 13).

### A. Bay Valley's Position.

The Court should order production of Auto-Owners' underwriting file. Auto-Owners contends that the commercial general liability policy it sold a food ingredient distributor does not cover claims arising from its insured's food ingredient distribution. Bay Valley believes the underwriting file will show that Auto-Owners understood and intended to issue a policy covering such claims. Judicial decisions routinely recognize that an underwriting file can be relevant to resolve policy coverage disputes. *See, e.g.*, *Bitpay, Inc. v. Massachusetts Bay Ins. Co.*, 315 F.R.D.

698, 701 (N.D. Ga. 2016) (holding underwriting file was "quite clearly relevant to the issues in this case"); *Clean Earth of Maryland, Inc. v. Total Safety, Inc.*, No. 2:10-CV-119, 2011 WL 4832381, at *8 (N.D.W. Va. Oct. 12, 2011) ("Many courts have already addressed the issue of the discoverability of underwriting files, and the general consensus is that they are discoverable."). At this juncture, there are any number of ways in which parol evidence could be relevant or admissible, including ambiguous policy terms.

   B. Auto-Owners' Position

Bay Valley offers no controlling authority. Bitpay is inapposite because it involves (a) first-party coverage; (b) coverage denial; and (c) an insured's claims for breach of contract and bad faith. In contrast, this suit involves (a) third-party coverage; (b) no coverage denial; and (c) no breach of contract or bad faith claims. While the Bitpay court held that the underwriting file could be relevant to whether the insurer "refused to pay a claim that it knew was covered," Plaintiff has not refused to pay the claim and is defending Kramer pursuant to a reservation of rights while seeking a coverage determination. Bitpay, supra at 701. "Generally, discovery into communications that took place before the issuance of the policy (parol evidence) is irrelevant and impermissible under both Georgia substantive law and federal procedural law." Ga. Prop. & Liab. Ins. Law, §13:15 Underwriting (Aug. 2023). "Underwriting guidelines, which were not a part of the insurance contract,

3

are irrelevant in determining the scope of coverage under the policy." <u>Oretsky v. Infinity Ins.</u>, 524 Fed. Appx. 517, 523 (11th Cir. 2013); <u>State Auto Prop. & Cas. Ins. v. TPI Corp.</u>, 2017 WL 8785692 (M.D.Ga. 2017); <u>Swyters v. Motorola Empl. Credit Union</u>, 244 Ga. App. 356 (2000).

**III.    Documents and Communications Related to Coverage Assessment (Requests Nos. 7, 10, 18, 22-29).**

A. <u>Bay Valley's Position.</u>

The Court should order production of documents and communications related to Auto-Owners' coverage assessment and positions apart from those on its privilege log. Documents and communications evidencing Auto-Owners' coverage assessment and supporting or contradicting its coverage positions are critical evidence. Auto-Owners has already produced a second amended privilege log and Bay Valley does not seek privileged documents. Auto-Owners has not produced or logged as privileged, however, *a single internal document or communication* between September 20, 2022 (the date it admits receiving notice) and November 2, 2022 (the date it retained counsel). These responses are not credible, and Auto-Owners cannot limit its discovery obligations to only the documents it chose to include in its undefined "claim file." The parol evidence rule is inapposite. These requests primarily seek documents supporting or contradicting Auto-Owners' coverage positions and its application of the Policy to the underlying facts.

B. <u>Auto-Owners' Position</u>

Bay Valley's position is patently false. Plaintiff produced its internal claim notes from September 28, 2022 through November 2, 2022 and the September 28, 2022 Loss Notice from Kramer, alleging that the loss was on September 26, 2022. (Auto-Owners Prod.021-28, 746-747).[1] The time period at issue is just over a month and it is reasonable that limited documentation existed. Further, an insurer's claim file typically is not discoverable even when an insured asserts claims for breach of contract and failure to provide a defense. Underwriters Ins. v. Atlanta Gas Light, 248 F.R.D. 663, 668 (N.D.Ga. 2008). "Enabling a stranger to the contract (the [claimants], who point to no assignment of any claim from [the insured] against [the insurer]) to rake through the work-product/attorney communications portion of [the insurer's] file is not warranted under Rule 26(b)(1)." State Farm Mut. Auto. Ins. Co. v. Howard, 296 F.R.D. 692, 695, n.8 (S.D.Ga. 2013).[2] An insurer's third-party claim file is irrelevant to coverage, and should not be produced.  Underwriters, supra; Allstate Ins. v. RSUI Indemn., 2012 WL 10864561 (N.D. Ga. Jun.18, 2012). This is particularly true where, as here, Bay Valley makes no showing of substantial need.

---

[1] It also produced a September 28, 2022 email to Kramer confirming notice of the claim and a September 29, 2022 request for documents from Kramer (Auto-Owners Prod. 744, 745, 751-762).  It identified several communications on its Privilege Log, including one on November 2, 2022, and an October 28, 2022 recorded statement.

[2] The Howard court elaborated that "courts typically don't order such work product disclosures (i.e., information beyond gathered facts) even for *insureds*." Id. at 696 (emphasis in original).

Respectfully submitted this 6th day of March, 2025.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Justin P. Gunter
William J. Holley, II
Georgia Bar No. 362310
Justin P. Gunter
Georgia Bar No. 969468
Promenade Tower
1230 Peachtree Street NE
20th Floor
Atlanta, GA 30309
Tel: 404-868-2100
bholley@bradley.com
jgunter@bradley.com

**JENNER & BLOCK, LLP**

Christopher Tompkins (*pro hac vice*)
Andrew P. Csoros (*pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
ctompkins@jenner.com
acsoros@jenner.com

*Counsel for Defendant Bay Valley Foods, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing **NOTICE**

**OF DISCOVERY DISPUTE** with the Clerk of Court using the CM/ECF system,

which will automatically send email notification of such filing to the following

attorneys of record:

Jessica M. Phillips
Melissa K. Kahren
Christopher A. Wood
SWIFT, CURRIE, MCGHEE, & HIERS, LLP
1420 Peachtree Street NE
Suite 800
Atlanta, GA 30309
Phone: 404-874-8800
jessica.phillips@swiftcurrie.com
melissa.kahren@swiftcurrie.com
christopher.wood@swiftcurrie.com

*Counsel for Plaintiff Auto-Owners*
*Insurance Company*

Rachel A. Barrick
Harry J. Winograd
BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, GA 30305
Phone: (404) 351-1615
rbarrick@brawwlaw.com
hwinograd@brawwlaw.com

*Counsel for FFI Group, LLC*

H. Thomas Shaw
James A. Garland
ALEXENDER & VANN, LLP
411 Gordon Avenue
Thomasville, Georgia, 31792
Phone: (229) 226-25656
JGarland@alexandervann.com

*Counsel for Defendant Kramer*
*Corporation of GA*

This 6th day of March, 2025.

/s/ Justin P. Gunter
Justin P. Gunter