## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO: 1:24-cv-00683-TCB |
| KRAMER CORPORATION OF GA; BAY VALLEY FOODS, LLC; and FFI GROUP, LLC. | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF AUTO-OWNERS INSURANCE COMPANY'S RESPONSES TO BAY VALLEY FOODS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**COMES NOW**, Plaintiff Auto-Owners Insurance Company ("Auto-Owners" or "Plaintiff"), and hereby responds to Defendant Bay Valley Foods, LLC's ("Bay Valley") First Requests for Production of Documents as follows:

1.

Produce all non-privileged documents that relate to the Claim.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 1 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 1 to the extent it seeks information and documents protected by the work product doctrine, and information and documents prepared in anticipation of**

litigation, as well as trial preparation materials.  Auto-Owners objects to the extent said request seeks materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that said request exceeds the scope of permissible discovery. Subject to said objections and without waiving them, Auto-Owners states that it will produce all responsive, non-objectionable documents at a mutually agreeable place and time.

2.

Produce all non-privileged documents that relate to the Underlying Litigation.

**RESPONSE**: Auto-Owners objects to Defendant's Request No. 2 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion.  Auto-Owners further objects to Request No. 2 to the extent it seeks information and documents protected by the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners objects to the extent said request seeks materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that said request exceeds the scope of permissible discovery. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.  Subject to said objections and without

**waiving them, Auto-Owners states that it will produce all responsive, non-objectionable documents at a mutually agreeable place and time.**

3.

Produce all documents evidencing communications between you and Kramer related to the Claim or Underlying Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 3 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 3 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel and/or counsel for Kramer. Subject to said objections and without waiving them, Auto-Owners states that it will produce all responsive, non-objectionable documents at a mutually agreeable place and time.**

4.

Produce any transcripts, recordings, memoranda, communications, notes, or other accounts of any calls or meeting between you and Kramer related to the Claim or Underlying Litigation.

**RESPONSE**: **Auto-Owners objects to Defendant's Request No. 4 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 4 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel and/or counsel for Kramer. Subject to said objections and without waiving them, Auto-Owners states that it will produce all responsive, non-objectionable documents at a mutually agreeable place and time.**

5.

Produce all documents your adjusters, investigators, and other claims personnel reviewed or relied on in investigating the Claim.

**RESPONSE**: **Auto-Owners objects to Defendant's Request No. 5 on grounds that it is vague, overly broad, and unduly burdensome. Auto-Owners further objects to Request No. 5 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states that it will produce all responsive, non-objectionable documents at a mutually agreeable place and time.**

6.

Produce documents evidencing any documents or information you requested to investigate the Claim.

**RESPONSE**: **Auto-Owners objects to Defendant's Request No. 6 on grounds that it is vague, overly broad, and unduly burdensome. Auto-Owners further objects to Request No. 6 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions**

or conclusions of Auto-Owners' counsel.  Subject to said objections and without

waiving them, Auto-Owners states that it will produce all responsive, non-

objectionable documents at a mutually agreeable place and time.


7.

Produce all documents your adjusters, investigators, and other claims

personnel reviewed or relied on in determining coverage for the Claim.

**RESPONSE:** **Auto-Owners objects to Defendant's Request No. 7 on grounds**

**that it is vague, overly broad, unduly burdensome, argumentative, unlimited as**

**to time and scope, and calls for a legal conclusion.  Auto-Owners objects to**

**Defendant Bay Valley's characterization because Plaintiff Auto-Owners made**

**no coverage determination regarding coverage for the Claim. Instead, in**

**accordance with Georgia law, Auto-Owners is providing Kramer with a defense**

**to the underlying lawsuit pursuant to a reservation of rights, and asked this**

**Court to determine of whether coverage exists by filing the instant declaratory**

**judgment action. Auto-Owners further objects to Request No. 7 to the extent it**

**seeks information and documents protected by the attorney-client privilege, the**

**work product doctrine, and information and documents prepared in**

**anticipation of litigation, as well as trial preparation materials.  Auto-Owners**

**objects to this Request on the basis that it seeks information that is considered**

confidential corporate and proprietary information and trade secret. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states: none, because Auto-Owners has made no determination as to coverage for the Claim.

8.

Produce all reservation of rights letters related to the Claim.

**RESPONSE: Auto-Owners will produce the December 5, 2022 Reservation of Rights letter, February 23, 2023 Supplemental Reservation of Rights letter, September 15, 2023 Supplemental Reservation of Rights letter, and October 19, 2023 Supplemental Reservation of Rights letter at a mutually agreeable place and time.**

9.

Produce all responses Auto-Owners received to reservation of rights letters related to the Claim.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 9 on grounds that it is vague, overly broad, unduly burdensome, and unlimited as to time and scope. Auto-Owners further objects to Request No. 9 to the extent it seeks information and documents protected by the attorney-client privilege, the work**

product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.  Subject to said objections and without waiving them, Auto-Owners states that it will produce all responsive, non-objectionable documents at a mutually agreeable place and time.

10.

Produce all documents evidencing Auto-Owners' position on coverage for the Claim.

**RESPONSE:** Auto-Owners objects to Defendant's Request No. 10 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion.  Auto-Owners further objects to Request No. 10 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for

the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners reasserts and incorporates by reference its response to Request No. 8, above, as if fully set forth herein. In further response, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1].

11.

Produce all documents evidencing Auto-Owner's receipt of notice of the Underlying Litigation or Claim.

**RESPONSE**: Auto-Owners objects to Defendant's Request No. 11 on grounds that it is vague, overly broad, unduly burdensome, and calls for a legal conclusion. Auto-Owners further objects to Request No. 11 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states that it will produce all responsive, non-

**objectionable documents at a mutually agreeable place and time.**

12.

Produce your entire claim file for the Claim.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 12 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery. Auto-Owners further objects to Request No. 12 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners further objects to the extent that said request seeks information and documents that are confidential and proprietary and personal or business information of Auto-Owners' insured. Subject to said objections and without waiving them, Plaintiff Auto-Owners will produce responsive, non-objectionable portions of the claim file at a mutually agreeable place and time.**

13.

Produce the underwriting files for the Policies, including any drafts of any documents in the underwriting files.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 13 on grounds that it is vague, overly broad, unduly burdensome, and unlimited as to time or scope. Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Auto-Owners also objects to the extent that the request seeks information and documents that are protected by the attorney-client privilege, the work product doctrine, and/or documents and information prepared in anticipation of litigation or trial preparation materials. Auto-Owners further objects to the extent that said request seeks information and documents that are confidential, proprietary, and/or trade secrets.**

14.

Produce any electronic diary or notes related to the Claim or Underlying Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 14 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects on grounds**

that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Auto-Owners further objects to Request No. 14 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.  Auto-Owners further objects to the extent that said request seeks information and documents that are confidential and proprietary. Subject to said objections and without waiving them, Plaintiff Auto-Owners will produce responsive, non-objectionable portions of the claim file at a mutually agreeable place and time.

15.

Produce any policies, procedures, or guidelines you maintain relating to handling claims under policies similar to the Policies, for claims similar to the Claim, or for claims arising out of litigation similar to the Underlying Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 15 on grounds that it is vague, overly broad, unduly burdensome, and unlimited as to time or**

*    *    *

ambiguous.  **Auto-Owners further objects to Request No. 16 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.  Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and on grounds that it exceeds the scope of permissible discovery.  Auto-Owners further objects to the extent that said request seeks information and documents that are trade secret, confidential, and proprietary.**

17.

Produce all communications, including but not limited to emails, instant messages, and internal correspondence pertaining to the Claim or Underlying Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 17 on grounds that it is vague, overly broad, and unduly burdensome.  Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery. Auto-Owners objects**

on the basis that this Request seeks information that is irrelevant or only marginally relevant to the issues in this case, and that the time and effort required to provide the requested information would be onerous and costly, and would be completely disproportionate to the relevance, if any, of the information sought. Auto-Owners further objects to Request No. 17 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners further objects to the extent that said request seeks information and documents that are confidential and proprietary. Subject to said objections and without waiving them, Plaintiff Auto-Owners will produce responsive, non-objectionable documents at a mutually agreeable place and time.

18.

Produce all communications between you and a broker related to the Claim or Underlying Litigation.

**RESPONSE**: **Auto-Owners objects to Defendant's Request No. 18 on grounds that it is vague, overly broad, and unduly burdensome. Auto-Owners further**

objects to Request No. 18 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.  Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery.

19.

Produce all documents evidencing reserves related to the Claim.

**RESPONSE:** **Auto-Owners objects to Defendant's Request No. 19 on grounds that it is vague and overly broad,.  Auto-Owners further objects to Request No. 19 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.  Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of**

admissible evidence, and exceeds the scope of permissible discovery. Auto-Owners objects to the extent Request No. 19 seeks documents that are confidential and proprietary.

20.

Produce all documents which support, evidence, or refute any prejudice Auto-Owners alleges to have suffered as a result of the timing of Kramer's notice of the Claim.

**RESPONSE**: Auto-Owners objects to Defendant's Request No. 20 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 20 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners further objects to Request No. 20 on grounds that it seeks to require Auto-Owners to meet an evidentiary burden of proof that is not mandated under Georgia law. Subject to said objections and without waiving them, Auto-Owners states that it will produce responsive, non-objectionable documents at a mutually agreeable place and time.

21.

Produce all documents—specifically including but not limited to internal communications, reports, analyses, and notes—evidencing or relating to the timeliness of notice of the Claim.

**RESPONSE**: **Auto-Owners objects to Defendant's Request No. 21 on grounds that it is vague, overly broad, unduly burdensome, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects on grounds that said request seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery. Auto-Owners further objects to Request No. 21 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners further objects to the extent that said request seeks information and documents that are confidential and proprietary. Subject to said objections and without waiving them, Plaintiff Auto-Owners will produce responsive non-objectionable documents at a mutually agreeable place and time.**

22.

Produce all documents which support, evidence, or refute any withdrawal or recall of Kramer's "work" or "product" from the market that you allege occurred related to the facts alleged in the Underlying Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 22 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 22 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1]. Auto-Owners reserves**

the right to supplement this response as discovery continues.

23.

Produce all documents related to any portions of the damages sought in the Underlying Litigation which you contend result from the withdrawal or recall of Kramer's "work" or "product."

**RESPONSE: Auto-Owners objects to Defendant's Request No. 23 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 23 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay**

Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1].  Auto-Owners reserves the right to supplement this response as discovery continues.

24.

Produce all documents which support, evidence, or refute the existence of any "property damage" to Kramer's "work" or "product."

**RESPONSE**: Auto-Owners objects to Defendant's Request No. 24 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion.  Auto-Owners further objects to Request No. 24 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said

objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1].   Auto-Owners reserves the right to supplement this response as discovery continues.

25.

Produce all documents related to any portions of the damages sought in the Underlying Litigation which you contend result from "property damage" to Kramer's "work" or "product."

**RESPONSE:** Auto-Owners objects to Defendant's Request No. 25 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion.  Auto-Owners further objects to Request No. 25 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a

reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1].    Plaintiff Auto-Owners reserves the right to supplement this response as discovery continues.

26.

Produce all documents which support, evidence, or refute the existence of any "impaired product" at issue in the Underlying Litigation which you contend could be restored to use by the repair, replacement, adjustment or removal of Kramer's "product" or "work."

**RESPONSE**: Auto-Owners objects to Defendant's Request No. 26 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion.  Auto-Owners further objects to Request No. 26 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel.

**Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1]. Plaintiff Auto-Owners reserves the right to supplement this response as discovery continues.**

27.

Produce all documents related to any portions of the damages sought in the Underlying Litigation which you contend result from damage to Kramer's "personal and advertising injury."

**RESPONSE: Auto-Owners objects to Defendant's Request No. 27 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 27 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial**

preparation materials. **Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1].    Plaintiff Auto-Owners reserves the right to supplement this response as discovery continues.**

28.

Produce all contracts in which you contend Kramer assumed liability that it would not have in the absence of the contract.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 28 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion.  Auto-Owners further objects to Request No. 28 to the extent it seeks information and documents protected**

by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials.  Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1].  Plaintiff also refers Defendant Bay Valley to the Purchase Orders referenced in Bay Valley's underlying complaint, which Defendant Bay Valley contends constitute assumptions of liability by Defendant Kramer.  Plaintiff will provide copies of these purchase orders that it was provided during the course of its initial investigation into this claim.  Plaintiff Auto-Owners reserves the right to supplement this response as discovery continues.

29.

Produce all documents related to any portions of the damages sought in the Underlying Litigation which you contend were not caused by an "occurrence."

**RESPONSE: Auto-Owners objects to Defendant's Request No. 29 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 29 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to Defendant Bay Valley's characterization because Plaintiff Auto-Owners made no coverage determination regarding coverage for the Claim. Instead, in accordance with Georgia law, Auto-Owners is providing Defendant Kramer with a defense to the underlying lawsuit pursuant to a reservation of rights, and asked this Court to determine of whether coverage exists by filing the instant declaratory judgment action. Subject to said objections and without waiving them, Auto-Owners directs Defendant Bay Valley to Plaintiff Auto-Owners' complaint for declaratory judgment [Doc. 1] and to Bay Valley's underlying complaint [Doc. 1-1]. Plaintiff also refers**

**Defendant Bay Valley to the Purchase Orders referenced in Bay Valley's underlying complaint, which Defendant Bay Valley contends that Defendant Kramer breached, resulting in Defendant Bay Valley's alleged damages. Plaintiff Auto-Owners reserves the right to supplement its response as discovery continues.**

30.

Produce all documents that you may introduce as exhibits or use as evidence in this action, including at any trial or any deposition.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 30 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 30 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Auto-Owners objects to request number 30 on grounds that it exceeds the scope of permissible discovery. Auto-Owners further objects to the extent that said request seeks information and documents that are confidential and proprietary.**

**Subject to said objections and without waiving them, Auto-Owners will produce non-privileged, relevant responsive documents, without reference to whether they may be an exhibit at trial or at a deposition. Auto-Owners further states that it will identify exhibits for use at trial when it submits its portion of the Pre-Trial Order, in accordance with this Court's rules.**

31.

Produce all affidavits or statements of any nature concerning the facts and circumstances in this case given by any person.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 31 on grounds that it is vague, overly broad, unduly burdensome. Auto-Owners further objects to Request No. 31 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states: that it has no knowledge of any such statements, aside from deposition transcripts and/or affidavits taken or obtained by Defendants during the course of the underlying lawsuit.**

32.

Produce all written statements that you have obtained from any person regarding the subject matter of this Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 32 on grounds that it is vague, overly broad, and unduly burdensome. Auto-Owners further objects to Request No. 32 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states: none.**

33.

Produce all documents and communications sent to or received from a potential witness in this matter.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 33 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 33 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, the common**

**interest doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states that it will produce responsive, non-objectionable documents at a mutually agreeable place and time.**

34.

Produce all documents that you have received or that you receive in the future from third parties regarding this Litigation, including but not limited to all documents you obtain pursuant to any subpoenas in this Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 34 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 34 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states that it will produce responsive, non-objectionable documents at a mutually**

agreeable place and time. Plaintiff Auto-Owners further states that it has not yet served any subpoenas to third parties and has not made a determination as to whether it will serve any such subpoenas, nor is Plaintiff required to disclose its litigation and trial strategy to Defendant Bay Valley. However, if plaintiff decides to serve subpoenas to third party entities, Plaintiff will provide Bay Valley with any response it receives from the third party entity. Plaintiff reserves the right to supplement this response, as appropriate, as discovery continues.

35.

Produce all correspondence related to any subpoenas in this Litigation.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 35 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 35 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners states that it will produce responsive, non-objectionable documents at a mutually**

**agreeable place and time. Plaintiff Auto-Owners further states that it has not**

**yet served any subpoenas to third parties and has not made a determination as**

**to whether it will serve any such subpoenas, nor is Plaintiff required to disclose**

**its litigation and trial strategy to Defendant Bay Valley. However, if plaintiff**

**decides to serve subpoenas to third party entities, Plaintiff will provide Bay**

**Valley with any response it receives from the third party entity.  Plaintiff**

**reserves the right to supplement this response, as appropriate, as discovery**

**continues.**

36.

To the extent not produced in response to another Request, produce all documents relating to the subject matter of this Litigation obtained from any source.

**RESPONSE: Auto-Owners objects to Defendant's Request No. 36 on grounds**

**that it is vague, overly broad, and unduly burdensome.  Auto-Owners further**

**objects to Request No. 36 to the extent it seeks information and documents**

**protected by the attorney-client privilege, the work product doctrine, and**

**information and documents prepared in anticipation of litigation, as well as**

**trial preparation materials.  Auto-Owners further objects to the extent said**

**Request seeks to obtain the mental impressions or conclusions of Auto-Owners'**

**counsel.  Subject to said objections and without waiving them, Auto-Owners**

**states that it will produce responsive, non-objectionable documents at a**

**mutually agreeable place and time.**

37.

If you contend that Defendants, or their agents or representatives, have made any admissions against interest with respect to any of the allegations contained in the Complaint, produce all documents reflecting or relating to such admission against interest.

**<u>RESPONSE</u>: Auto-Owners objects to Defendant's Request No. 37 on grounds that it is vague, overly broad, unduly burdensome, argumentative, unlimited as to time and scope, and calls for a legal conclusion. Auto-Owners further objects to Request No. 37 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners further objects to the extent said Request seeks to obtain the mental impressions or conclusions of Auto-Owners' counsel. Subject to said objections and without waiving them, Auto-Owners refers Defendant Bay Valley to its complaint in the underlying lawsuit [Doc. 1-1]. Plaintiff Auto-Owners reserves the right to supplement this response as discovery continues.**

38.

Produce all documents or communications transmitted by Plaintiff or its

\*   \*   \*

43.

Produce all documents identified or referenced in Plaintiff's response to Defendants' First Interrogatories.

**RESPONSE**: **Auto-Owners objects to Request No. 43 to the extent it seeks information and documents protected by the attorney-client privilege, the work product doctrine, and information and documents prepared in anticipation of litigation, as well as trial preparation materials. Auto-Owners states that it will produce non-privileged, relevant, responsive documents at a mutually agreeable place and time.**

This 9th day of October, 2024.

SWIFT CURRIE MCGHEE & HIERS, LLP

/s/ Melissa K. Kahren
Jessica M. Phillips
Georgia State Bar No.: 922902
Melissa K. Kahren
Georgia State Bar No.: 527406
*Attorneys for Auto-Owners Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: (404) 874-8800
jessica.phillips@swiftcurrie.com
melissa.kahren@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **PLAINTIFF AUTO-OWNERS INSURANCE COMPANY'S RESPONSES TO BAY VALLEY FOODS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** with the Clerk of Court via **STATUTORY ELECTRONIC SERVICE** pursuant to O.C.G.A. § 9-11-5 upon all parties of record via Odyssey eFile.

Rachel Barrick
Harry J. Winograd
**BODKER, RAMSEY, ANDREWS, WINOGRAD & WILDSTEIN, P.C.**
3490 Piedmont Rd, Suite 1400
Atlanta, GA 30305
rbarrick@brawwlaw.com
hwinograd@brawwlaw.com

William J. Holley, II
Justin P. Gunter
**BRADLEY ARANT BOULT CUMMINGS LLP**
1230 Peachtree Street, NE  20th Floor
Atlanta, GA 30309
bholley@bradley.com
jgunter@bradley.com

Andrew P. Csoros
Christopher P. Tompkins
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, IL 60654
acsoros@jenner.com
ctompkins@jenner.com

H. Thomas Shaw
James A. Garland
**ALEXANDER & VANN, LLP**
411 Gordon Avenue
Thomasville, GA 31792
tshaw@alexandervann.com
jgarland@alexandervann.com

This 9th day of October, 2024.

**SWIFT CURRIE MCGHEE & HIERS, LLP**

/s/ Melissa K. Kahren
Jessica M. Phillips
Georgia State Bar No.: 922902
Melissa K. Kahren
Georgia State Bar No.: 527406
*Attorneys for Auto-Owners Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: (404) 874-8800
jessica.phillips@swiftcurrie.com
melissa.kahren@swiftcurrie.com

4856-0738-4541, v. 1